UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, # 300839, ) | **C/A No.** 9:12-824-TLW-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Superintendent, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Lawrence L. Crawford, proceeding *pro se*, filed the instant action in the United States District Court for the Northern District of New York, seeking habeas relief pursuant to 28 U.S.C. § 2254. *See Crawford v. Superintendent*, C/A No. 9:12-cv-00363-TJM (N.D.N.Y.). By order dated March 21, 2012, pursuant to 28 U.S.C. § 1406(a), that court transferred the Petition to the District of South Carolina as, "[t]he proper venue for habeas petitions brought by individuals in state custody is the judicial district in which the conviction and sentencing of the petitioner took place." (*Id.*, ECF No. 3, at 3 (citations omitted).)

In March 2004, Petitioner was tried, convicted and sentenced to life imprisonment in the Kershaw County Court of General Sessions for the beating murder of his eleven-year-old daughter, Korresha Crawford. *See State v. Crawford*, 2004-GS-28-0385; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing cases for the premise that federal courts may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). Petitioner is currently incarcerated at the Lieber Correctional Institution, part of the South Carolina Department of Corrections prison system. He has filed several other habeas petitions in this Court, most recently in *Crawford v. Williams*, C/A No. 9:08-cv-02339-TLW-BM (Mar. 10,



2008). *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records[.]").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Additionally, *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* petition to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).

Even when considered under this less stringent standard, however, the undersigned finds that the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

**DISCUSSION**

In Petitioner's initial pleading, he claims to be "seeking to recall the remititter [sic] in the direct appeal and seeking to reopen the writ of habeas corpus cases pursuant to Rule



60(b)(1)[,] (3)[,] (6)."[1] (ECF No. 1, at 2.) However, to the extent that Petitioner filed a "direct appeal" of his state conviction, that appeal would have been to the South Carolina Court of Appeals. *See* S.C. App. Ct. Rule 221. Thus, a motion to recall the remittitur would have to be made to that court.

Petitioner also cannot "reopen" his earlier habeas cases with this Court. Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justifies relief.

*Id.* Subsection (c)(1) of Rule 60 adds that Rule 60(b) motions "must be made within a reasonable time," and under reasons (1) and (3), that time is set at "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). As the Court entered judgment in *Crawford v. Williams* on November 4, 2008 (*id.*, ECF No. 35), even under Rule 60(b)(6), a delay of three and one-half years between judgment and motion would not be "within a reasonable time." *See, e.g.*, *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (upholding district court's determination that unexplained one-year delay between judgment and Rule 60(b) motion was not reasonable).

---

[1] Petitioner also sought the recusal of "Judge[s] Chesney and Armstrong" from his cases (ECF No. 1, at 6), but the transfer of his Petition to the District of South Carolina moots this motion.



It is further noted that, in response to this Court's Order dated April 16, 2012 (ECF No. 10), Petitioner filed a document which the Court has construed to be an amendment to his Petition (*see* ECF No. 14 [hereinafter the "Amendment"]). The Amendment requests that counsel be appointed for Petitioner. (ECF No. 14, at 5.) However, the Congress does not appropriate funds to pay attorneys who represent litigants in non-capital habeas corpus cases. *In the Forma Pauperis Proceedings*, 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. In most non-capital habeas corpus cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, as here, this Court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for Petitioner to have counsel appointed. Because no action by any licensed attorney could have salvaged the instant Petition, his request for appointed counsel should not be granted.

The Amendment further seeks the recusal of the undersigned, of United States District Judge Terry Wooten, and "of the South Carolina District Court in total." (ECF No. 14, at 6.) Title 28 U.S.C. § 455 governs disqualification of federal appeals court justices, district court judges and magistrate judges. In pertinent part, the statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a). In the Fourth Circuit, the standard articulated in subsection (a) is analyzed objectively by considering whether a person with knowledge of the relevant facts and

4



circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). The "reasonable person" is a "well-informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious." *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

Petitioner has made no allegations warranting recusal under § 455(a). Although he claims to have added the undersigned and Judge Wooten as defendants in *Pipkin v. United States*, C/A No. 9:12-cv-00527-TJM-TWD (N.D.N.Y.), as of the date of this Report, these judges are not named defendants.[2] The Court discerns no argument or allegations in the materials submitted by Petitioner that raise any reasonable question regarding its impartiality as contemplated by 28 U.S.C. § 455(a).

Petitioner further claims that "[t]he S.C. District Court and all judges presiding therin [sic] bias and prejudice stems from at least (2) extra judicial [sic] sources presently not under their jurisdiction requiring their recusal and disqualification, including the 4th Circuit." (ECF No. 14, at 9.) Under subsection (b)(1) of § 455, a judge should disqualify himself "[w]here he has a personal bias or prejudice concerning a party . . . ." Bias or prejudice, however, must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). Here,

---

[2] Petitioner did attach to the Amendment the docket sheet for *Strozier v. United States*, C/A No. 9:12-cv-00333-TJM-TWD (N.D.N.Y), filed February 27, 2012 (ECF No. 14, Attach. 1), which does name Judge Wooten and Judge "Merchant" as defendants, but service of process has not yet issued in this case. Moreover, subject to the "rule of necessity," discussed *infra*, the judges should not recuse themselves.



Petitioner has not even alleged—much less demonstrated by compelling evidence—any personal bias or prejudice on the part of the assigned magistrate judge, or any other judge encompassed by the breadth of his motion, which might require recusal under 28 U.S.C. § 455(b)(1).

Finally, the Court observes that even if 28 U.S.C. § 455 required the recusal of the judges in this circuit, the "rule of necessity" likely compels denial of such a motion in this particular case. *See United States v. Will*, 449 U.S. 200 (1980). The common law rule of necessity holds that, "'wherever it becomes necessary for a judge to sit even where he has an interest—where no provision is made for calling another in, or where no one else can take his place—it is his duty to hear and decide, however disagreeable it may be.'" *Id.* at 214 (quoting *Philadelphia v. Fox*, 64 Pa. 169, 185 (1870)). A judge should not refuse to hear a case "'if failure to do so would result in a denial of a litigant's constitutional right to have a question, properly presented to such court, adjudicated.'" 449 U.S. at 214 (quoting *State ex rel. Mitchell v. Sage Stores Co.*, 143 P.2d 652, 656 (Kan. 1943)). Indeed, the very relief Petitioner seeks in his motion—to have all the justices, district judges and magistrate judges in the Fourth Circuit recuse themselves from his case—would render his case unhearable in all federal courts that can arguably exercise jurisdiction. Therefore, even if Petitioner had alleged factors that would militate in favor of recusal under 28 U.S.C. § 455, the rule of necessity would operate to require this Court to deny the motion for recusal.[3]

---

[3] While the decision on whether or not Judge Wooten will recuse himself in this case must necessarily be made by Judge Wooten not the undersigned, that decision can be made as part of Judge Wooten's review and consideration of this Report and Recommendation.



Lastly,[4] the Amendment asks this Court to transfer this Petition back to the Northern District of New York. However, as jurisdiction of Petitioner's habeas action properly lies within the District of South Carolina, this request should be denied. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (holding that a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire in personam jurisdiction of a petitioner's warden or other custodian).

## RECOMMENDATION

Accordingly, it is recommended that the Petition in the above-captioned case be dismissed without prejudice.

Bristow Marchant
United States Magistrate Judge

June 7, 2012
Charleston, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[4] The Amendment makes additional requests (ECF No. 15, at 9–17), but as these claims reference additional plaintiffs, it is clear that they are directed to the Northern District of New York (*see id.* at 9).



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

